Karel KEARL, Plaintiff,

v.

**DEPARTMENT OF EMPLOYMENT
SECURITY, Defendant.**

No. 19198.

Supreme Court of Utah.

Dec. 27, 1983.

Karel Kearl, pro se.

K. Allan Zabel, Sp. Asst. Atty. Gen., Salt
Lake City, for defendant.

HALL, Chief Justice:

Plaintiff Karel Kearl brought this action to review the decision of the Board of Review of the Department of Employment Security, Industrial Commission of Utah, regarding repayment of unemployment compensation. The Industrial Commission found that plaintiff had violated U.C.A., 1953, § 35–4–5(e) by knowingly withholding material information from her unemployment claims in order to obtain benefits to which she was not entitled. The Board assessed a 31-week disqualification period against her and required the repayment of benefits of $1,200. We affirm.

On January 1, 1982, plaintiff and her mother, Mona Kearl, began operating a small restaurant in Laketown, Utah. Plaintiff's name was on the title to the restaurant, along with her mother's. From the beginning, plaintiff lived on the premises and worked at least six days a week as a waitress. During the first two months, plaintiff and her mother operated the restaurant alone. Later, several other persons were hired as waitresses. Plaintiff contended that she received no wages for this work and received no benefits from her tips since they were all put directly into a jar. She claimed she never received any of the money from the tip jar with one exception: $175 that she took out of the jar in order to finance a campaign for public office at a time subsequent to the claims at issue here.

Plaintiff filed a weekly claim for the week ending January 9, 1982, on which she certified that she had not worked that week, had not donated work, was not self-employed and had no earnings for that week. On the basis of that certification, she received $150 in unemployment compensation. That payment exhausted her maximum benefit entitlement and her claim was closed. On April 11, 1982, plaintiff filed a claim for extended benefits, certifying that her last employment had been in 1981. She then filed weekly claims for three consecutive weeks, on which she certified she had no work or earnings, including self-employment, and received $150 in unemployment compensation for each of those weeks. Those payments exhausted her extended benefits.

■ To be eligible for unemployment benefits, a claimant must be unemployed. The Utah Employment Security Act [1] states that an individual is unemployed "in any week during which he performs no services and with respect to which no wages are payable to him." [2] Wages are defined as "all remuneration for personal services, including commissions and bonuses and the cash value of all remuneration in any medium other than cash." [3] The law specifically includes tips as wages: "Gratuities customarily received by an individual in the course of his employment from persons other than his employing unit are treated as wages ...." [4] Under normal circumstances, one who is self-employed is not "unemployed" within the meaning of the Utah Employment Security Act.[5]

The Commission found that plaintiff was self-employed for the four weeks at issue here and that the tips she received were wages that should have been reported. The Commission further found that plaintiff knowingly failed to report these facts in order to obtain undeserved benefits and assessed the penalty authorized by § 35–4–5(e): 31 weeks of ineligibility for additional unemployment benefits and liability for reimbursement of double the amount of compensation received—$1,200.

■ Plaintiff contends on appeal that she did not report employment because she did not consider herself employed. U.C.A., 1953, § 35–4–10(i) sets forth the standard of review that governs in this case: "In any judicial proceeding under this section, the findings of the commission and the

---

1. U.C.A., 1953, § 35–4–1, et seq.

2. U.C.A., 1953, § 35–4–22(m)(1).

3. U.C.A., 1953, § 35–4–22(p).

4. Id.

5. *Johnson v. Board of Review of Indus. Comm'n,* 7 Utah 2d 113, 320 P.2d 315 (1958).

board of review as to the facts if supported by evidence, shall be conclusive and the jurisdiction of the court shall be confined to questions of law." Therefore, under § 35–4–10(i) the role of this Court is to sustain the findings of the Board of Review unless the record clearly and persuasively shows the Board's decision to be arbitrary, capricious and unreasonable.[6] If there is substantial evidence that supports the Board's determination, it must be affirmed.[7]

 Further, there does not have to be an admission or direct proof of an intent to defraud by knowingly failing to report a material fact on an unemployment claim. As we said in *Mineer v. Board of Review:*[8]

> The intention to defraud is shown by the claims themselves which contain false statements and fail to set forth material facts required by statute. The filing of such claims evidences a purpose or willingness to present a false claim in order to obtain unlawful benefits and hence are manifestations of intent to defraud.[9]

(Citations omitted.)

 The Board found that plaintiff was self-employed during the weeks in question since she was substantially involved in the operation of the restaurant as evidenced by her title interest in the restaurant and extensive time contributed to daily management. Her testimony that, although she received no direct wages, she expected to build the restaurant into a paying venture in the future for both herself and her mother and felt entitled to compensation from her mother for her share of the business further bolstered this finding. The Board also concluded that plaintiff received wages since she "received" tips, even though she might not have used them. The record clearly supports these findings.

Therefore, we hold that the Board of Review did not err in finding that plaintiff knowingly withheld material information concerning her self-employment and the income from gratuities in order to obtain unemployment benefits to which she was not entitled. Decision affirmed.

STEWART, OAKS and DURHAM, JJ., concur.

HOWE, J., concurs in the result.

---

6.  *Continental Oil Co. v. Board of Review of Indus. Comm'n,* Utah, 568 P.2d 727 (1977).

7.  *Mineer v. Board of Review of Indus. Comm'n,* Utah, 572 P.2d 1364 (1977). *See also Taylor v. Department of Employment Sec.,* Utah, 647 P.2d 1 (1982).

8.  *Supra* n. 7.

9.  *Id.* at 1366.