**SUPERIOR CABLEVISION INSTALLERS, INC., a New Jersey corporation, Plaintiff,**

v.

**The INDUSTRIAL COMMISSION OF UTAH, and the Board of Review of the Industrial Commission of Utah, Defendant.**

**No. 19407.**

Supreme Court of Utah.

April 18, 1984.

Herbert C. Livsey, James S. Jardine, Brian E. Katz, Salt Lake City, for plaintiff.

K. Allan Zabel, Winston M. Faux, Salt Lake City, for defendant.

HALL, Chief Justice:

By this writ of review, Superior Cablevision Installers, Inc. (Superior) seeks a reversal of the determination of the Board of Review of the Industrial Commission that Superior had "employed" David Tribe and was thus liable for contributions to the unemployment compensation fund. We affirm.

Superior is a New Jersey corporation with no office, warehouse or other place of business in Utah. It is in the business of supplying installers of cable television wire to local cable companies across the country.

Superior negotiated a contract with Tele-Communications, Inc. (TCI) to furnish installers to install cable wire for TCI's subscribers in Utah. The installers signed a contract with Superior which outlined a number of stipulations, including that the installer must complete the installations in a workmanlike manner according to job specifications outlined in a handbook supplied by Superior. If a defect was reported, the installer was to correct it upon notice by Superior. Superior set the rate schedule, which was not negotiable, and paid installers regularly. Installers were

required to submit weekly forms for payment. Superior maintained an insurance file for each installer and made equipment available to all installers. Superior required each installer to have a white van and certain equipment and to wear T-shirts with Superior's name and address on them while working. Installers were required to give notice to Superior in New Jersey if ill, if late to work or if taking vacation time. Within limits, installers followed work schedules suited to their own needs. However, they were required to report to TCI before 8:00 a.m. to receive their orders. The installers provided to TCI obtained their work orders and daily equipment from TCI. TCI could ask for removal of any specific installer.

Prior to contracting with Superior, Tribe had not performed cable installations and had not been an independent contractor. Tribe trained with another installer under contract to Superior. Arrangements for the training were made by Superior personnel, and the trainer was paid no compensation by Tribe for the training. Tribe did not have complete flexibility in choosing his own hours. In fact, Tribe received a letter from Superior personnel ordering him to work on Saturdays, which he did not want to do. Tribe did file income tax form Schedule C, Profit or Loss from Business or Profession.

After Superior's contract with TCI terminated, Tribe was without work and applied for unemployment benefits. A field auditor for the Department of Employment Security determined that Tribe was an employee of Superior's and that Superior was thus liable for contribution to the unemployment compensation fund. An appeals referee and later the Board of Review affirmed that determination.

Superior contends that it did not employ Tribe within the meaning of U.C.A., 1953, § 35-4-22(j) and that, in any event, the relationship between Tribe and Superior is not covered by the Act under the so-called "ABC" test set forth therein.[1]

U.C.A., 1953, § 35-4-22(j)(1) defines employment as "any service . . . performed for wages or under any contract of hire written or oral, express or implied."

In *Blamires v. Board of Review*,[2] this Court construed the term "contract of hire" to include "any agreement under which one person performs personal services at the request of another who pays for the services."[3] In other words, if an individual rendered personal services and was entitled to remuneration based on and measured by such personal services, the person performing the services was under a contract of hire.[4]

■ In this case, Tribe clearly was under a contract of hire. He actually had signed a contract with Superior to provide a service, installing television wire, and was entitled to regular remuneration by Superior based on the number of services (i.e., installations) he performed.

However, having determined that Tribe was under contract for hire, it must next be determined whether he was excluded from operation of the Employment Security Act by the test imposed in U.C.A., 1953, § 35-4-22(j)(5)(A), (B), (C). That section provides that:

(5) Services performed by an individual for wages or under any contract of hire, written or oral, express or implied, are deemed to be employment subject to this act unless and until it is shown to the satisfaction of the commission that:

(A) The individual has been and will continue to be free from control or direction over the performance of those services, both under his contract of hire and in fact;

(B) The service is either outside the usual course of the business for which the service is performed or that the service is performed outside of all the places

---

1. U.C.A., 1953, § 35-4-22(j)(5)(A), (B), (C).

2. Utah, 584 P.2d 889 (1978).

3. *Id.* at 891.

4. *Id.*

of business of the enterprise for which the service is performed; and

(C) The individual is customarily engaged in an independently established trade, occupation, profession, or business of the same nature as that involved in the contract of service.

The exclusion provisions are in the conjunctive. Therefore, all three elements of the ABC test must be met in order for services to be excluded from coverage as employment under the Act.[5]

The Board of Review determined that none of the three elements was met in this case. The role of this Court in reviewing the findings of the Board is limited by U.C.A., 1953, § 35-4-10(i), which sets forth the standard of review: "In any judicial proceeding under this section, the findings of the commission and the board of review as to the facts if supported by evidence, shall be conclusive and the jurisdiction of the court shall be confined to questions of law."

 Therefore, if the findings of the Board of Review are supported by the evidence, the decision must be affirmed.[6] Further, the Employment Security Act should be liberally construed in favor of affording benefits.[7]

There is clearly evidence in the record from which the Board of Review could have concluded that requirement C was not met, i.e., that Tribe was not customarily engaged in an independently established calling.

An independently established business must be one that was established independently of the employer or the rendering of personal service forming the basis of the claim.[8] It must "exist independent of the services under consideration in the sense

that it is the whole—of which the particular service is a part."[9]

In other words, an independently established business is one which is created and exists apart from a relationship with a particular employer and which survives the termination of that relationship. Its continued existence does not depend on a relationship with any one employer. Thus, a significant aspect of this test is the relationship between the alleged employer and the employee.[10]

There is no doubt that Tribe's contract with Superior specified that he was an independent contractor. Similar provisions were considered in *Leach*[11] and *Creameries of America v. Industrial Commission*.[12] In both cases, the court ruled that such provisions "are ineffective in keeping an individual without the purview of the Employment Security Act when by his activity he brings himself within."[13]

 In this case, the evidence clearly supports the findings of the Board of Review that Tribe was not independently established in the cable installation business. Tribe was not an independently established cable installer prior to his relationship with Superior and, in fact, had never installed cable wire. Superior arranged for Tribe's training, free of charge, with another Superior installer. Tribe entered into a written contract with Superior to install the cable wire based on specifications provided by Superior. Superior also effectively controlled working days, hours and salary. Tribe worked for no one but Superior, and when his relationship with Superior terminated, Tribe was without work.

Superior nevertheless contends that since Tribe could install wire for another installation company once his relationship with

5. *Leach v. Board of Review*, 123 Utah 423, 260 P.2d 744 (1953).

6. *Kearl v. Dept. of Employment Security*, Utah, 676 P.2d 385 (1983).

7. *Singer Sewing Machine Co. v. Industrial Comm'n*, 104 Utah 175, 134 P.2d 479 (1943).

8. *Fuller Brush Co. v. Industrial Comm'n*, 99 Utah 97, 104 P.2d 201 (1940).

9. *Supra* note 5, at 748.

10. *North American Builders, Inc. v. Unemployment Compensation Div.*, 22 Utah 2d 338, 453 P.2d 142 (1969).

11. *Supra* note 5.

12. 98 Utah 571, 102 P.2d 300 (1940).

13. *Supra* note 5, at 750.

Superior had terminated, he was independently established in the business. There is no merit to this contention.

One purpose of § 35–4–22 of the Employment Security Act is to prevent employers from avoiding their obligations to provide employment security by putting another label on a relationship which is essentially employment.[14] The fact that Tribe had acquired training which he could thereafter parlay into employment with another installation company does not make him something other than an employee of Superior. Were this Court to rule that one who leaves an employment with skills he or she could thereafter use to find other employment was independently established in business, no skilled person could claim to be an employee, much less claim unemployment benefits. This is not the intent of the Employment Security Act.[15]

Since the evidence supports the Board's finding that Tribe was not independently established in the cable installation business, Superior has failed to meet the ABC test. The decision of the Board of Review is therefore affirmed.

STEWART, OAKS, HOWE and DURHAM, JJ., concur.

---

14. *Blamires, supra* note 2, at 892.

15. *Singer, supra* note 7.