Darrell **NIELSEN**, Plaintiff,

v.

**DEPARTMENT OF EMPLOYMENT SECURITY, Board of Review, Industrial Commission of Utah, and Edward R. Beale, Defendants.**

No. 19369.

Supreme Court of Utah.

Nov. 14, 1984.

---

Darrell Nielsen, pro se.

Floyd G. Astin, K. Allan Zabel, Linda Wheat Gowaty, Salt Lake City, for defendants.

PER CURIAM:

Plaintiff seeks review of an award of unemployment compensation to Edward R. Beale and a charge against plaintiff as Beale's employer for contributions to the unemployment compensation fund on behalf of the claimant. Plaintiff raises as a single issue a challenge to the board's determination that Beale was an employee of plaintiff.

Plaintiff owned a semi-tractor. He hired a driver team consisting of the claimant, Beale, and another party and contracted with F.B. Truck Lines for use of the tractor and driver team to haul loads to locations specified by F.B. Truck Lines. F.B. Truck Lines paid Nielsen a certain rate per mile for use of the truck and driver. In turn, the driver team was paid a lesser rate per mile. Beale and his partner negotiated their pay with Darrell Nielsen. They were initially paid sixteen cents per mile beginning in June 1981 and were later raised to twenty cents per mile.

Though F.B. Truck Lines advanced certain sums to the driver team and deducted the amounts paid from their payments to Nielsen under the lease, the net earnings owed to the drivers were paid to the team directly by Nielsen. Nielsen retained the power to direct the driver team to reject a load offered by F.B. Truck Lines and had the sole right to discharge claimant Beale and his partner. Beale had never worked as an independent contractor; he owned no equipment and had no authority to order repairs to the truck over usual maintenance costs.

On these facts, the board of review found that Beale was paid wages, that he did not meet the ABC test of section 35–4–22(j)(5), that he was not an independent contractor, and that he was in fact an employee of Darrell Nielsen.

Darrell Nielsen appeals, contending that Beale and the other driver were hired as a team and that they constituted a partnership which was *ipso facto* not covered under the act. He acknowledges in his brief that the term "employee" may be defined under different statutes in different ways for special purposes.

Under our statutes, a person who performs services for another for wages or under a contract for hire is entitled to unemployment compensation unless it is shown that he is excluded by the test of section 35–4–22(j)(5), which provides:

(5) Services performed by an individual for wages or under any contract of hire, written or oral, express or implied, are deemed to be employment subject to this act unless and until it is shown to the satisfaction of the commission that:

(A) The individual has been and will continue to be free from control or direction over the performance of those services, both under his contract of hire and in fact;

(B) The service is either outside the usual course of the business for which the service is performed or that the ser-

vice is performed outside of all the places of business of the enterprise for which the service is performed; and

(C) The individual is customarily engaged in an independently established trade, occupation, profession, or business of the same nature as that involved in the contract of service.

We have previously held that all three elements of the ABC test must be met in order for the services to be excluded from coverage under the act.[1]

The board of review found that Beale was not free from control or direction in the performance of his duties, that he worked under an oral contract to provide the personal services of operating the truck owned by Nielsen, that he was not engaged in an independently established trade, occupation or business, and that he was, therefore, not excluded from unemployment compensation under section 35–4–22(j)(5).

Section 35–4–22(j)(5) refers to services performed by an *individual* for wages. Appellant's point is that he hired not individuals but a *team* of drivers who were hired jointly, negotiated for their wages jointly, were paid on a joint basis, and cannot then be treated as individuals.

We view this question as one of mixed law and fact.[2] In reviewing such questions, this Court sustains the decision of the commission so long as the decision falls within the limits of reasonableness and rationality.[3] And we are persuaded that under the circumstances of this case, the commission's treatment of the drivers as individuals protected by the Employment Security Act was reasonable.

Claimant here was one of two drivers who worked exclusively for appellant Darrell Nielsen. The drivers did not own the truck, nor did they have any ownership in any other capital of Nielsen's enterprise.

The drivers did not receive profits from Nielsen's enterprise, but instead performed services for wages. The driver team was not free from the control and direction of Nielsen. Neither the claimant nor the driver team as an entity were subject to exclusion under the ABC test of section 35–4–22(j)(5). Further, the Employment Security Act should be construed liberally in favor of affording benefits.[4]

As the findings of the board of review are supported by the evidence and application of public policy favoring an award of benefits was reasonable under the facts of this case, the decision is affirmed.

1. *Superior Cablevision Installers, Inc. v. Board of Review,* Utah, 688 P.2d 444, (1984); *Leach v. Board of Review,* 123 Utah 423, 260 P.2d 744 (1953).

2. Defined as an "application of the findings of fact to the legal rules governing the case." *See*

*Gray v. Dept. of Employment Security,* Utah, 681 P.2d 807 (1984).

3. *Id.; Salt Lake City Corp. v. Dept. of Employment Security,* Utah, 657 P.2d 1312 (1982).

4. *Singer Sewing Machine Co. v. Industrial Commission,* 104 Utah 175, 134 P.2d 479 (1943).