2014 UT App 111

**BMS LIMITED 1999, INC., Petitioner,**

v.

**DEPARTMENT OF WORKFORCE SERVICES and James R. Capson, Respondents.**

**No. 20130499–CA.**

Court of Appeals of Utah.

May 22, 2014.

Rick D. Roskelley and Dustin L. Clark, for Petitioner.

Kathleen Bounous, for Respondent Department of Workforce Services.

Judge JOHN A. PEARCE authored this Memorandum Decision, in which Judge STEPHEN L. ROTH and Senior Judge RUSSELL W. BENCH concurred.[1]

Memorandum Decision

PEARCE, Judge:

¶ 1 BMS Limited 1999, Inc., doing business as RLS of Utah, challenges the Workforce Appeals Board's decision that James R. Capson had been an RLS employee rather than an independent contractor. This decision rendered Capson eligible for unemployment benefits under Utah's Employment Security Act. See generally Utah Code Ann. §§ 35A–4–101 to –508 (LexisNexis 2011 & Supp. 2013); Utah Admin. Code R994–102 to –508. We decline to disturb the Board's decision.

¶ 2 RLS operates a logistics business that delivers parts to automotive dealers on demand. In April 2010, RLS and Capson entered into an agreement titled "Independent Contractor Agreement (Co–Op)," under which Capson would deliver automotive parts to RLS's customers. The agreement specified that Capson would function as an independent contractor. This arrangement ended at some point before May 2012, when Capson filed for unemployment benefits and listed RLS as his former employer.

¶ 3 A Department of Workforce Services representative determined that RLS had employed Capson. An administrative law judge (the ALJ) reviewed that determination and ruled that RLS had not met its burden of demonstrating that Capson had in fact been an independent contractor. RLS appealed to the Board, which reviewed the ALJ's ruling and agreed that RLS had employed Capson. The Board reasoned that although RLS had not exercised direction and control over Capson, Capson was not independently established in a similar line of work.

¶ 4 The Board's written decision examined all of the factors listed in the relevant regulation, Utah Administrative Code R994–204–303(1)(b). The Board found that Capson had not owned a delivery business prior to his relationship with RLS, did not have a separate place of business or a business license, had not advertised his delivery services, and had not intended to establish an independent business. The decision also determined that some factors weighed in favor of independent contractor status. The Board recognized that Capson had provided his own delivery vehicle and trailer and that he could realize a profit or loss separately from RLS. The Board nonetheless concluded that the "totality of the circumstances" indicated that Capson was not independently established in his trade, occupation, profession, or business and had therefore been an RLS employee.

¶ 5 RLS petitions for review, asserting that the Board erred in determining that Capson was not independently established.[2]

**1.** The Honorable Russell W. Bench, Senior Judge, sat by special assignment as authorized by law. *See generally* Utah Code Jud. Admin. R. 11–201(6).

**2.** RLS's petition alleges that both the Board's decision and the ALJ's ruling were erroneous. However, our review is limited to the final agency action—the Board's decision reviewing the

Specifically, RLS contends that the Board improperly considered whether Capson had established his parts delivery business before contracting with RLS. RLS also contends that the Board and the ALJ incorrectly weighted the factors identified in Utah Administrative Code R994–204–303(1)(b).

¶ 6 Utah's Employment Security Act is intended to "lighten the burdens of persons unemployed through no fault of their own" by "pay[ing such] workers for a limited time while they seek other employment." Utah Admin. Code R994–102–101(1). Former employees are generally eligible for unemployment benefits while independent contractors are not. *Id.* R994–204–302. Utah law presumes that a paid or contracted worker is an employee unless the putative employer can demonstrate that the worker (1) is independently established in work of the same nature and (2) has been free from control or direction over the means of performing the work. Utah Code Ann. § 35A–4–204(3) (LexisNexis 2011); Utah Admin. Code R994–204–303.

¶ 7 When the Board decides whether a claimant was an employee or an independent contractor, the regulations implementing the Act demand "[s]pecial scrutiny of the facts" in order to ensure that "the form of a service relationship does not obscure its substance." Utah Admin. Code R994–204–303. The regulations also list several factors "as aids in the analysis" but recognize that "[t]he degree of importance of each factor varies depending on" the nature of the work performed. *Id.* The administrative code further advises that "some factors do not apply to certain services and … should not be considered." *Id.* Finally, our supreme court has instructed that "the Employment Security Act should be liberally construed in favor of affording benefits." *Superior Cablevision Installers, Inc. v. Industrial Comm'n*, 688 P.2d 444, 447 (Utah 1984).

¶ 8 RLS first contends that the Board erred by determining that Capson's delivery business was not established independently of his work for RLS. In support of this contention, RLS argues that "[t]he Board and ALJ erroneously read into the phrase 'independently established trade or business' the requirement that Capson's business exist *prior* to, rather than contemporaneously with, providing delivery services" to RLS. We review the Board's interpretation of a regulation for correctness. *See Carlos v. Department of Workforce Servs.*, 2013 UT App 279, ¶ 5, 316 P.3d 957 (explaining that the Board's interpretation of the applicable statute is reviewed for correctness); *see also State v. Mooney*, 2004 UT 49, ¶ 9 n. 1, 98 P.3d 420 ("Like issues of statutory interpretation, we review the trial court's interpretation of a regulation for correctness….").

¶ 9 Here, the Board did not interpret the regulation in the manner RLS asserts. RLS does not point to any language in the Board's decision or the ALJ's ruling that suggests that either read the regulation as requiring prior establishment of an independent business. Moreover, we can discern nothing in the Board's decision indicating that the Board applied a requirement of prior existence. Indeed, the Board specifically stated that the ALJ "did not find [Capson] was required to have been a delivery driver prior to his relationship with RLS. Rather, the [ALJ] looked at all the factors surrounding [Capson's] business practices, one of which was that he had not created his profession as a delivery driver prior to his relationship with RLS."

¶ 10 That finding leads RLS to also argue that "[t]he Board and ALJ erred because they based their decisions in part on Capson's business activities *prior* to contracting with RLS." RLS appears to claim that because the regulations express the factors in the present tense, the Board was forbidden from even considering Capson's activities prior to his relationship with RLS. We review the Board's application of statutes and regulations for correctness. *See Carlos,* 2013 UT App 279, ¶ 5, 316 P.3d 957.

ALJ's findings and affirming the ALJ's ruling. *See* Utah Code Ann. § 78A–4–103(2)(a)(i) (LexisNexis 2012); *id.* § 63G–4–403(2)(a) (2011). We review the ALJ's ruling only to the extent that the Board relied upon it.

¶ 11 Nothing in the Act or its regulations limits the Board's ability to consider this type of probative information while carrying out its duty to scrupulously scrutinize the substance of the relationship. *See* Utah Admin. Code R994–204–303. Under RLS's reading, the Board would be hobbled in the performance of that duty because it could not consider, for example, whether a claimant had operated an independent and substantially similar business prior to engaging in the disputed work. Moreover, our supreme court has previously upheld an administrative board's determination that a claimant "was not independently established in similar work when that board relied in part on evidence that the claimant was not an independently established cable installer prior to his relationship" with a cable-installing entity. *Superior Cablevision,* 688 P.2d at 447.[3] Accordingly, the Board did not err by considering evidence that Capson had not established his delivery services business prior to his relationship with RLS.

¶ 12 RLS next contends that "[t]he balance of factors establishes that Capson was customarily engaged in an independently-established trade." This challenge may be read as either an assertion that the Board was required to give equal weight to all of the factors the Administrative Code outlines or a challenge to the weight actually assigned to each factor by the Board. To determine whether the Board erred by treating some factors as more relevant than others, we look to the Board's interpretation and application of the regulation. Accordingly, we review the Board's analysis for correctness. *See Carlos,* 2013 UT App 279, ¶ 5, 316 P.3d 957. The regulation notes that "an independently established trade ... or business is created and exists apart from a relationship with a particular employer and does not depend on a relationship with any one employer for its continued existence." Utah Admin. Code R994–204–303(1)(a). The regulation then lists seven factors that are "intended only as

aids in the analysis" of whether an individual was independently established in his or her trade. *Id.* R994–204–303. "The degree of importance of each factor varies depending on the service and the factual context in which it is performed." *Id.* Accordingly, because the relevance of a given factor will differ depending on the nature of the work performed, the Board may reasonably determine that a numerical minority of factors establishes the "preponderance of the evidence once the weight of those factors is taken into account. *See id.* In short, the phrase preponderance of the evidence" does not necessarily equate to "preponderance of the factors," and the application of the test is more sophisticated than simply tallying the factors for and against. The Board therefore did not err by considering some factors as more persuasive than others.

¶ 13 We next consider the alternate reading of RLS's contention—whether the Board erred by assigning to each factor the weight that it did. RLS argues that "the Board and ALJ fixated on two criteria to the exclusion of the preponderance of the evidence." RLS devotes much of its brief to assertions that the Board and ALJ should have placed greater weight on certain factors. The appropriate weight to assign to each factor is a fact-sensitive question that will differ in every case due to the individuality of fact patterns and the vagaries of various vocations. *See* Utah Admin. Code R994–204–303. Accordingly, this is a "fact-like" determination and, as a matter of institutional competence, we grant deference to the Board's weighting of the factors. *See, e.g., Murray v. Utah Labor Comm'n,* 2013 UT 38, ¶¶ 33, 36–39, 308 P.3d 461 ("[A] mixed question arises when an agency ... must apply a legal standard to a set of facts unique to a particular case."); *Jex v. Utah Labor Comm'n,* 2013 UT 40, ¶ 16, 306 P.3d 799 (deferring to an administrative decision on a "fact-intensive" mixed question that did "not lend itself easily to consistent resolution through a uniform body

---

3. RLS asserts that *Superior Cablevision Installers, Inc. v. Industrial Commission,* 688 P.2d 444 (Utah 1984), is of limited application here because it was decided before Utah Administrative Code R994–204–303(1)(b) promulgated the seven guiding factors for determining whether a claim-

ant is independently established. However, R994–204–303(1)(b) does not place greater restrictions on the types of evidence the Board may consider and even notes that the factors are listed "only as aids in the analysis of the facts of each case."

of appellate precedent" (citation and internal quotation marks omitted)).[4]

¶ 14 Here, the Board found that the factors suggesting Capson was not independently established—including that Capson had not previously owned a delivery business, did not possess a business license, and had never advertised his delivery services—were more compelling than the factors suggesting that he was independently established—including that Capson provided his own truck and trailer and could recognize a profit or loss separately from RLS. On this record, we cannot conclude that the Board erred by weighting the factors as it did. Accordingly, the Board did not err by determining that RLS had not shown that Capson was both independently established and free from RLS's control and direction. We therefore decline to disturb the Board's decision.

---

4. In its brief, the Board contends that RLS's challenge to the sufficiency of the evidence should be rejected due to RLS's failure to adequately marshal. It does not appear that RLS mounted such a challenge. To the extent that RLS's argument may be construed as an attack on the sufficiency of the evidence supporting the Board's findings or ultimate decision, we note that such an argument is inadequately briefed and thus fails to carry RLS's burden of persuasion. Utah R.App. P. 24(a)(9). We therefore decline to address it.