Kate **GREENWOOD** and Andrew Greenwood, **personally, and Ralph Green-wood, both personally and as president and members of American Dog Breed-ers' Association, Inc., Plaintiffs and Appellants,**

v.

**CITY OF NORTH SALT LAKE,
an incorporated municipality,
Defendant and Appellee.**

No. 890355.

Supreme Court of Utah.

Sept. 10, 1991.

David Paul White, Salt Lake City, for plaintiffs and appellants.

Kent Christiansen, Salt Lake City, for defendant and appellee.

STEWART, Justice:

Plaintiffs appeal from a trial court decision holding § 13–20–16 of the North Salt Lake City Animal Control Ordinance constitutional.

The ordinance, which was adopted in January 1987, imposes special licensing, confinement, muzzling, and insurance requirements for dogs classified as "fierce, dangerous, or vicious." The ordinance defines the term "vicious animal" in subsection E and enumerates certain breeds of dogs which by their "unique hereditary characteristics, owner training or instruction, or mistreatment, have a propensity to be vicious." Included in this list are various breeds of bull terriers or "pit bulls." In August 1987, the ordinance was amended to include an administrative remedy for persons challenging enforcement of the ordinance.

The individual plaintiffs are residents of North Salt Lake and are owners and breeders of American pit bull terriers. Plaintiff Kate Greenwood is president of the American Dog Breeders' Association, which is also a plaintiff in this action. In February 1987, plaintiffs challenged the North Salt Lake ordinance, claiming that the ordinance was unconstitutionally vague, that it amounted to a "taking" of property without due process of law in violation of the Fourteenth Amendment of the United States Constitution, and that it violated

plaintiffs' rights of equal protection under the Fourteenth Amendment and Article I, section 24 of the Utah Constitution.

The trial court upheld the constitutionality of the ordinance on all but one point. The court ruled that the requirements established by the ordinance bore a rational relationship to the ordinance's objectives. However, the court also held that the provision defining a "vicious animal" as "any animal by its unique nature of breeding which has known propensities to be aggressive towards any person or animal" was void for vagueness. The court concluded that this provision "would leave the ordinary reader of common intelligence at a loss to determine whether his particular animal came within purview of the ordinance and could only guess as to its applicability to him."

On appeal, plaintiffs argue that the trial court erred in (1) ruling that § 13–20–16E is not unconstitutionally vague, (2) ruling that the ordinance does not violate equal protection under the United States Constitution and Article I, section 24 of the Utah Constitution, and (3) finding that predominant physical characteristics are determinative of breed differentiation for dogs.

■■■ We review the trial court's rulings for correctness, giving no deference to its conclusions of law. *Scharf v. BMG Corp.*, 700 P.2d 1068, 1070 (Utah 1985). We will not set aside a trial court's findings of fact unless those findings are clearly erroneous. Utah R.Civ.P. 52(a); *see also Copper State Leasing Co. v. Blacker Appliance & Furniture Co.*, 770 P.2d 88, 93 (Utah 1988). North Salt Lake does not appeal the trial court's ruling holding a portion of the ordinance unconstitutionally vague, and that issue is not, therefore, before this Court.

Section 13–20–1(22) defines "vicious animal" as (the bracketed portion of the section is the part held unconstitutional by the trial court):

Any animal which is dangerously aggressive or uncontrollable, including but not limited to, any animal which has bitten or in any manner attacked any person or animal. [Any animal by its unique nature or breeding which has known propensities to be aggressive towards any person or animal.]

Section 13–20–16 provides, in part:

A. PREMISES, MUZZLE: It shall be unlawful for the owner of any fierce, dangerous, or vicious animal to permit such animal to go or be off the premises of the owner unless such animal is under restraint and properly muzzled as to prevent it from injuring any person or property.

. . . .

E. HEREDITARY CHARACTERISTICS: Certain breeds of dogs which by their unique hereditary characteristics, owner training or instruction, or mistreatment, has [sic] a propensity to be vicious. These breeds include, but are not limited to, the Bull Terrier, American Staffordshire Terrier, Staffordshire Bull Terrier, Tosa, Shar-pei, and any dog determined to be vicious under Subsection B of this Section.

Subsection F provides that owners of dogs identified under this section will be subject to various licensing, containment, and insurance restrictions.

Section 13–20–31.1 provides an administrative remedy allowing any person who is, or may be, subject to the ordinance to "make a written request to the city manager to determine whether and how the provisions of this ordinance apply to him or her and to the animals subject to the provisions of this ordinance." No criminal action may be taken while the written request is being considered by the city manager. If the city manager determines that the ordinance is applicable, the individual will be informed of the amount of time he or she has to comply with the ordinance.

## I. TRIAL COURT FINDING

Plaintiffs contend that the trial court erred in finding that predominant physical characteristics are determinative of breed differentiation. To prevail on this contention, plaintiffs must show that the trial court's finding is clearly erroneous as required by Utah Rule of Civil Procedure

52(a). Rather than marshalling the evidence before the trial court to demonstrate that the court's finding was clearly erroneous, plaintiffs have simply reargued their view of how they "believe[ ] the facts should have been found." *Ashton v. Ashton*, 733 P.2d 147, 150 (Utah 1987); *see also Doelle v. Bradley*, 784 P.2d 1176, 1178 (Utah 1989).

The only evidence relied on by plaintiffs is testimony to the effect that it would be difficult to "guarantee" that a dog is a purebred or to be "absolutely" sure about a dog's breed solely on the basis of its physical characteristics. However, plaintiffs also agree with the trial court's finding that "[t]here is no scientific method for determining a dog's breed such as blood test, x-rays or scientific tests." According to plaintiffs, the only way to determine breed is through registration papers or pedigree charts. Yet plaintiffs do not challenge the trial court's finding that "[t]o be registered, a dog must possess the predominant physical characteristics of the particular breed as set by the registering association." Thus, plaintiffs cannot consistently argue that registration, and not physical characteristics, determines breed, when registration itself is based upon physical characteristics. On the other hand, defendant points to substantial evidence before the trial court in support of that court's finding. Plaintiffs have failed to show that the trial court's finding was clearly erroneous, and that finding will not, therefore, be disturbed.

## II. VAGUENESS

■ Plaintiffs contend that § 13–20–16 is vague and therefore violates due process of law. They contend that the ordinance is vague because it provides inadequate notice to dog owners, fails to establish clear guidelines for application of the ordinance, and uses arbitrary wording. Because legislative enactments are presumed to be constitutional, those who challenge a statute or ordinance as unconstitutional bear the burden of demonstrating its unconstitutionality. *Utah Associated Mun. Power Sys. v. Public Serv. Comm'n*, 789 P.2d 298, 301

(Utah 1990); *State v. Rio Vista Oil, Ltd.*, 786 P.2d 1343, 1347 (Utah 1990).

■ The void-for-vagueness doctrine requires that a statute or ordinance define an "offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." *Kolender v. Lawson*, 461 U.S. 352, 357, 103 S.Ct. 1855, 1858, 75 L.Ed.2d 903 (1983). More important than actual notice is " 'the requirement that a legislature establish minimal guidelines to govern law enforcement.' " 461 U.S. at 358, 103 S.Ct. at 1858 (quoting *Smith v. Goguen*, 415 U.S. 566, 574, 94 S.Ct. 1242, 1248, 39 L.Ed.2d 605 (1974)). "It is a basic principle of due process that an enactment is void for vagueness if its prohibitions are not clearly defined." *Grayned v. City of Rockford*, 408 U.S. 104, 108, 92 S.Ct. 2294, 2299, 33 L.Ed.2d 222 (1972).

Plaintiffs argue that the ordinance provides inadequate notice because owners of unregistered dogs or mixed breed dogs have no way of knowing whether their dog is one of the breeds listed and whether they should comply with licensing requirements. They also argue that the ordinance does not establish reasonably clear guidelines by which enforcement officers can objectively determine the extent and applications of the ordinance.

Although plaintiffs do not make it clear in their brief, they apparently challenge the constitutionality of the ordinance for vagueness both on its face and in its application. In challenging the ordinance on its face, plaintiffs must show that it is "invalid *in toto*—and therefore incapable of any valid application...." *Steffel v. Thompson*, 415 U.S. 452, 474, 94 S.Ct. 1209, 1223, 39 L.Ed.2d 505 (1974). Unless the enactment is vague in all its applications, it is ordinarily not unconstitutional on its face. In that case, we must then determine whether the ordinance is vague in its application to the facts of the case. *United States v. Mazurie*, 419 U.S. 544, 550, 95 S.Ct. 710, 714, 42 L.Ed.2d 706 (1975).

The court should ... examine the facial vagueness challenge and, assuming the enactment implicates no constitutionally protected conduct, should uphold the challenge only if the enactment is impermissibly vague in all of its applications. A plaintiff who engages in some conduct that is clearly proscribed cannot complain of the vagueness of the law as applied to the conduct of others. A court should therefore examine the complainant's conduct before analyzing other hypothetical applications of the law.

*Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 494–95, 102 S.Ct. 1186, 1191, 71 L.Ed.2d 362 (1982) (footnotes omitted).

■ Plaintiffs do not allege that any specific constitutionally protected conduct is implicated by the ordinance. We therefore focus on the application of the ordinance to plaintiffs' conduct. Plaintiffs must demonstrate either that the ordinance does not provide them adequate notice or that the ordinance could be arbitrarily enforced against them. This they have failed to do.

The trial court found that plaintiffs own and sell "American Pit Bull Terriers" and also found that the "American Pit Bull Terrier" and the "American Staffordshire Terrier" are generally recognized as the same breed. The "American Staffordshire Terrier" is a breed clearly covered by the ordinance. Plaintiffs do not argue that they own, or even desire to own, any other breed or mixed breed which might be covered by the ordinance. They have failed to demonstrate that the ordinance does not adequately notify them that their dogs are covered by the ordinance or that the ordinance would leave its enforcement against them to the discretion of enforcing officers.

Furthermore, the administrative remedy allows individuals to clarify the ordinance's application to them. Those who are unclear whether their dogs are covered by the ordinance can request a determination by the city manager. Plaintiffs are also free to request a determination whether their dogs are subject to the ordinance's restrictions. It may be that the ordinance could have been written more clearly. However,

as the Supreme Court stated in *Grayned*, "Condemned to the use of words, we can never expect mathematical certainty from our language." 408 U.S. at 110, 92 S.Ct. at 2300 (footnote omitted).

It follows that the ordinance is not unconstitutionally vague as it applies to plaintiffs and is not void for vagueness on its face. *Cf. American Dog Owners Ass'n v. Dade County*, 728 F.Supp. 1533, 1538–42 (S.D.Fla.1989); *Hearn v. City of Overland Park*, 244 Kan. 638, 640–44, 772 P.2d 758, 760–64, *cert. denied*, —— U.S. ——, 110 S.Ct. 500, 107 L.Ed.2d 503 (1989); *Garcia v. Village of Tijeras*, 108 N.M. 116, 118–19, 767 P.2d 355, 357–58 (N.M.Ct.App.1988).

## III. EQUAL PROTECTION

■ Plaintiffs argue that the animal control ordinance violates their right to equal protection of the law as guaranteed by the Fourteenth Amendment of the United States Constitution and Article I, section 24 of the Utah Constitution. Article I, section 24 provides, "All laws of a general nature shall have uniform operation." This provision of the Utah Constitution and the equal protection clause of the Fourteenth Amendment "embody the same general principle: persons similarly situated should be treated similarly, and persons in different circumstances should not be treated as if their circumstances were the same." *Malan v. Lewis*, 693 P.2d 661, 669 (Utah 1984) (footnote omitted). However, as we stated in *Malan*, "The different language of Article I, § 24, the different constitutional contexts of the two provisions, and different jurisprudential considerations may lead to a different result in applying equal protection principles under Article I, § 24 than might be reached under federal law." 693 P.2d at 670. Although they assert violations under both the state and federal constitutions, plaintiffs' arguments do not distinguish between the two.

Plaintiffs contend that the North Salt Lake ordinance violates equal protection because it is both overbroad and underinclusive. Because no fundamental right or suspect class is involved in this case, the Fourteenth Amendment requires only that the classification be rationally related to a

valid public purpose. *Utah Pub. Employees' Ass'n v. State,* 610 P.2d 1272, 1273 (Utah 1980). Article I, section 24 requires that a law must apply equally to all persons within a class and that statutory classifications must have a reasonable tendency to further the objectives of the statute. *Malan,* 693 P.2d at 670. Although the state test is somewhat more restrictive than the federal test, both tests are met in this case.

Plaintiffs argue that the ordinance is overbroad because "it regulates all owners of dogs of all the named breeds ... despite substantial evidence that viciousness is not a specific breed characteristic." Plaintiffs contend that the evidence shows that viciousness can, and does, occur in any breed of dog. The essence of this argument is that although some pit bulls are vicious, viciousness is not a breed characteristic, and the ordinance therefore includes some dogs which are harmless. Accepting the assertion that viciousness is not a breed characteristic, plaintiffs still do not demonstrate that the ordinance is not rationally related to a valid public purpose or that the classification does not further the objectives of the ordinance.

The purpose of the ordinance is to provide for public safety. Certain breeds of dogs are subjected to greater restrictions than others. The trial court found that pit bull breeds are known for a unique combination of strength, agility, tolerance for pain, and aggressiveness. The court also found that pit bull breeds were historically bred for fighting and killing other animals, that both Salt Lake City and North Salt Lake City have experienced a proportionately higher number of bites and attacks by these breeds than by other breeds, that Animal Control treats pit bull breeds differently than other breeds, and that because of their reputation, these breeds are often acquired by people with the intent of making the dogs mean and aggressive. Plaintiffs do not challenge these findings. Although it may be true that not all pit bulls are dangerous, the evidence supports the conclusion that, as a group, pit bulls are dangerous animals. Clearly, the ordinance's classification treating pit bull breeds differently than other breeds reasonably furthers and is rationally related to public safety.

Plaintiffs also argue that the ordinance is underinclusive and therefore violates equal protection because of the many breeds which are not included. Plaintiffs assert that all dogs can and do bite. However, a law is not made unconstitutional simply because it does not cover all possible evils. In determining constitutionality, courts are

> guided by the familiar principles that "a statute is not invalid under the Constitution because it might have gone farther than it did," *Roschen v. Ward,* 279 U.S. 337, 339 [49 S.Ct. 336, 336, 73 L.Ed. 722], that a legislature need not "strike at all evils at the same time," *Semler v. Dental Examiners,* 294 U.S. 608, 610 [55 S.Ct. 570, 571, 79 L.Ed. 1086], and that "reform may take one step at a time, addressing itself to the phase of the problem which seems most acute to the legislative mind," *Williamson v. Lee Optical Co.,* 348 U.S. 483, 489 [75 S.Ct. 461, 465, 99 L.Ed. 563].

*Katzenbach v. Morgan,* 384 U.S. 641, 657, 86 S.Ct. 1717, 1727, 16 L.Ed.2d 828 (1966); *see also San Antonio Indep. School Dist. v. Rodriguez,* 411 U.S. 1, 39, 93 S.Ct. 1278, 1300, 36 L.Ed.2d 16 (1973).

In this case, the ordinance validly seeks to remedy "the problem which seems most acute to the legislative mind." The evidence demonstrates the validity of the classification of the pit bull breeds as tending towards viciousness. The fact that other breeds which might also threaten public safety are not included in the ordinance does not make the law violative of equal protection. Plaintiffs have failed to demonstrate that the animal control ordinance violates their right to equal protection of the laws.

The judgment of the trial court is therefore affirmed.

HALL, C.J., HOWE, Associate C.J., and DURHAM and ZIMMERMAN, JJ., concur.