**2017 UT App 152**

# THE UTAH COURT OF APPEALS

AURA SPA & BOUTIQUE,
Petitioner,

*v.*

DEPARTMENT OF WORKFORCE SERVICES,
WORKFORCE APPEALS BOARD,
Respondent.

Opinion
No. 20160341-CA
Filed August 17, 2017

Original Proceeding in this Court

David E. Ross II, Attorney for Petitioner

Suzan Pixton and Nathan R. White, Attorneys
for Respondent

JUDGE GREGORY K. ORME authored this Opinion, in which JUDGES J. FREDERIC VOROS JR. and MICHELE M. CHRISTIANSEN concurred.[1]

ORME, Judge:

¶1    Aura Spa & Boutique (the Spa) petitions for judicial review of the Workforce Appeals Board's decision that concluded the Spa's workers were employees rather than independent contractors for purposes of Utah's employment security regime. We decline to disturb the board's determination.

---

1. Judge J. Frederic Voros Jr. participated in this case as a member of the Utah Court of Appeals. He retired from the court before this decision issued.

¶2    The Spa offered massages and various esthetic services to its customers. In providing these services, the Spa contracted with individual massage therapists and estheticians, paying them a commission for the services they rendered. The Spa set the prices for the services, and it provided advertising, clientele, equipment, supplies, clerical support, and business premises where the workers performed their services for customers who wished to come to the Spa. Additionally, the Spa required its workers to carry liability insurance and maintain their professional licenses, both at their own expense.

¶3    In 2014, the Department of Workforce Services (DWS) randomly selected the Spa for an audit. During its investigation, DWS distributed questionnaires to the Spa's workers to determine whether the workers were the Spa's employees for purposes of unemployment compensation. After reviewing the pertinent information, the DWS auditor concluded that the workers were not independent contractors but were instead employees of the Spa. The Spa appealed, and a DWS hearing officer affirmed the decision.

¶4    The Spa appealed the hearing officer's decision, and an administrative law judge (the ALJ) conducted a hearing. The owner of the Spa testified, but none of the Spa's workers did. After the hearing, the ALJ issued a written decision, holding that the workers received wages subject to the Employment Security Act (the Act), *see* Utah Code Ann. § 35A-4-204(3) (LexisNexis 2015); that the workers were employees rather than independent contractors for purposes of the Act; that the Spa directed and controlled its workers; and that the Spa was responsible for providing its employees with unemployment benefits through the payment of appropriate premiums for unemployment insurance. The ALJ concluded that the Spa failed to provide any legally competent evidence to support its claims to the contrary, noting that it "provided only hearsay testimony about the services provided by the [workers]." The Spa appealed the ALJ's

decision, and the Workforce Appeals Board affirmed. The Spa now seeks our review of the board's disposition.

¶5    "The determination whether a claimant is an independent contractor involves a fact-sensitive inquiry into the unique facts of a particular employment relationship." *Evolocity, Inc. v. Department of Workforce Services*, 2015 UT App 61, ¶ 6, 347 P.3d 406. Due to the "individuality of fact patterns and the vagaries of various vocations," *BMS Ltd. 1999, Inc. v. Department of Workforce Services*, 2014 UT App 111, ¶ 13, 327 P.3d 578, we will not disturb the board's decision unless the challenging party shows "that a finding is not supported by legally sufficient evidence even when the evidence is viewed in a light most favorable to the finding," *Evolocity*, 2015 UT App 61, ¶ 6 (citation and internal quotation marks omitted).

¶6    The Spa contends that the board erred in determining that its workers were employees rather than independent contractors. To establish that a worker is an independent contractor, the business owner has the burden to show that

> (a) the individual is customarily engaged in an independently established trade, occupation, profession, or business of the same nature as that involved in the contract of hire for services; and (b) the individual has been and will continue to be free from control or direction over the means of performance of those services, both under the individual's contract of hire and in fact.

Utah Code Ann. § 35A-4-204(3)(a)–(b).

¶7    The Spa asserts that its workers were independently established. It relies on a copy of a worker's advertisement for massage services unrelated to the Spa; its workers' responses to the DWS questionnaire, which consistently suggested

circumstances consistent with independence;[2] and the Spa owner's hearing testimony.

¶8    DWS's regulations identify seven factors to consider in determining whether a worker is independently established. *See* Utah Admin. Code R994-204-303(1)(b). Specifically, the factors require the reviewing entity to examine whether the worker has a separate place of business; has substantially invested in his or her own equipment; has independent clients; can realize a profit or loss; advertises his or her own services; has obtained the required and customary professional licenses; and maintains records that validate business expenses. *Id.* R994-204-303(1)(b)(i)–(vii). Significantly, the burden is not on DWS to establish that the workers are covered employees under the Act; the burden is on the employer to establish that the workers are independent contractors not subject to the Act. *See* Utah Code Ann. § 35A-4-204(3).

¶9    The board found that all seven factors tended to show the workers were not independently established. In reaching its conclusion, the board noted that there was no legally competent evidence demonstrating that any of the workers maintained a separate place of business, rendered services to independent clients, advertised their services, or filed taxes as independent business entities. Additionally, while the board noted that the workers were free to use their own massage beds and lotions if they preferred, it concluded that the Spa "provided all the tools and equipment necessary for the workers to perform their jobs."

---

2. Most of the questionnaires included answers indicating the workers had their own separate places of business from which they often worked, frequently provided their own supplies and equipment (and invariably did so when making house calls), paid for their own liability insurance, and conducted advertising for massage and similar services unrelated to the Spa.

The board further determined that the workers faced "no risk of a loss," noting that the workers were paid "[i]f they provided the service," but otherwise stood to gain or lose nothing by reason of their affiliation with the Spa. Finally, the board noted that all massage therapists and estheticians, whether employees or independent contractors, are required to maintain professional licenses. In the board's view, this fact, especially coupled with the fact that none of the Spa's workers obtained separate business licenses,[3] also favored a conclusion that the Spa's workers were employees.

¶10    In this judicial review proceeding, the Spa challenges the board's decision by relying on the evidence it presented at the administrative hearing. But the Spa fails to show that the board's decision was not supported by sufficient evidence, much less that the decision was outside "the realm of reasonableness and rationality." *See Prosper Team, Inc. v. Department of Workforce Services*, 2011 UT App 142, ¶ 6, 256 P.3d 246 (citation and internal quotation marks omitted).

¶11    While the Spa argues that the board's decision was not supported by sufficient evidence, its primary argument is that the board erroneously refused to consider legally competent evidence that, according to the Spa, would have tipped the decision in its favor. This argument implicates the so-called residuum rule. The residuum rule requires that an administrative board's findings of fact "be supported by a residuum of legal evidence competent in a court of law" even if

---

3. We note that two workers, in their responses to the DWS questionnaire, indicated that they had business licenses in addition to their professional licenses. But as we explain below, this evidence alone is insufficient to support a finding that the Spa's workers obtained separate business licenses. *See infra* ¶¶ 12–13.

the board has received and considered evidence of a lesser quality. *See InnoSys, Inc. v. Department of Workforce Services*, 2011 UT App 169, ¶ 9, 257 P.3d 489 (citation and internal quotation marks omitted). While hearsay "is clearly admissible in administrative proceedings," *id.* (citation and internal quotation marks omitted), the ensuing findings of fact may not rely exclusively on *inadmissible* hearsay evidence, *see Prosper, Inc. v. Department of Workforce Services*, 2007 UT App 281, ¶ 11, 168 P.3d 344; Utah Admin. Code R994-508-111(4).

¶12    Hearsay consists of "a statement that: (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement." Utah R. Evid. 801(c). Much of what was traditionally considered to be hearsay is, by rule, now characterized as "not hearsay." *See id.* R. 801(d). And much hearsay is legally competent evidence, given the multitude of exceptions to the presumptive bar on the admission of hearsay. *See id.* R. 803 (listing twenty-three exceptions); *id.* R. 804(b) (listing four exceptions); *id.* R. 807(a) (permitting the admission of hearsay statements, not qualifying for admission under an express exception, if "the statement has equivalent circumstantial guarantees of trustworthiness" and satisfies three other requirements). Hearsay statements covered by the foregoing exceptions are legally competent for purposes of the residuum rule; conversely, hearsay that does not come within one or more of these exceptions does not pass muster under the residuum rule. *See Prosper Inc.*, 2007 UT App 281, ¶ 11.

¶13    During the administrative hearing, the Spa's owner provided a copy of one massage therapist's advertisement for services wholly independent of the Spa. Alas, the advertisement is hearsay. It contained a statement that was not made at the hearing, and it was offered to prove the truth of the matter asserted—that one of the Spa's workers offered her massage services independently of her work for the Spa. The Spa made

no effort to establish the applicability of one of the foregoing exceptions. Therefore, the board correctly refused to find, based on this flyer alone, that the Spa's workers had independently advertised their services.

¶14 The workers' responses to the DWS questionnaire are also hearsay, but the Spa argues that the responses to the questionnaire would nonetheless be admissible in court under the public record exception to the hearsay rule, and thus are legally competent for purposes of the residuum rule. *See* Utah R. Evid. 803(8). We disagree. Interpreting the identically worded federal rule of evidence, the United States Court of Appeals for the Seventh Circuit stated that "the presumption of reliability that serves as the premise for the public-records exception does not attach to third parties who themselves have no public duty to report." *Jordan v. Binns*, 712 F.3d 1123, 1133 (7th Cir. 2013) (refusing to admit "third-party statements contained in a police report"). *See also United States v. Morales*, 720 F.3d 1194, 1202 (9th Cir. 2013) ("In general, statements by third parties who are not government employees . . . may not be admitted pursuant to the public records exception but must satisfy some other exception in order to be admitted."). Thus, the responses to the questionnaires must themselves fall within one of the exceptions to the hearsay rule. *Cf. In re G.Y.*, 962 P.2d 78, 85 (Utah Ct. App. 1998) (holding that third-party statements contained in DCFS caseworker reports constituted hearsay).[4] Because the Spa does

---

4. At the administrative hearing, the Spa also provided what appears to be a copy of an email attachment containing the business license of one of its workers. While the Spa refers to this license in its brief, it does not argue that the copy is admissible under the public records exception. We therefore have no occasion to consider it, but we do note that there was no foundation established for its authenticity, nor was it a certified copy.

not contend that the responses to the questionnaire are admissible under any other exception to the hearsay rule, the Spa has not established that the statements are legally competent for purposes of the residuum rule.

¶15　The Spa has not demonstrated, with the support of at least a residuum of legally competent evidence, that its workers were independently established. It has likewise failed to demonstrate that the board's decision was not supported by legally sufficient evidence or was beyond the limits of rationality. Further, because independent contractor status requires a showing of both independent establishment and freedom from direct control, the lack of the former obviates the need to discuss the latter. *See Evolocity, Inc. v. Department of Workforce Services*, 2015 UT App 61, ¶ 22, 347 P.3d 406.

¶16　For the foregoing reasons, we decline to disturb the board's decision.

———————