**2018 UT App 110**

## THE UTAH COURT OF APPEALS

STATE OF UTAH,
Appellee,
*v.*
GARVIN WAYNE JONES,
Appellant.

Opinion
No. 20160522-CA
Filed June 14, 2018

Second District Court, Farmington Department
The Honorable David R. Hamilton
No. 151700186

Scott L. Wiggins, Attorney for Appellant
Sean D. Reyes and John J. Nielsen, Attorneys
for Appellee

JUDGE DAVID N. MORTENSEN authored this Opinion, in which
JUDGES MICHELE M. CHRISTIANSEN and DIANA HAGEN concurred.

MORTENSEN, Judge:

¶1     Garvin Wayne Jones sexually abused Victim beginning when she was eight years old. Jones's abuse continued until Victim was eleven years old and ranged from showing Victim pornographic images to sodomizing and raping her. The State charged Jones with child rape, as well as other crimes. The case proceeded to trial where defense counsel objected to the child rape elements in the jury instructions, asserting that the child rape statutes were unconstitutionally overbroad and vague. The trial court denied Jones's motion and he now appeals. We reject his arguments in full.

BACKGROUND

¶2     Victim had an unstable childhood. Due to her parents' continued physical abuse and drug use, she went to live with an aunt and uncle. Unfortunately, the instability continued in her new home. Beginning when Victim was just eight years old, Jones, who was living in the same home as Victim, began sexually abusing her and continued to do so until she was eleven years old.

¶3     The abuse began with Jones touching her breasts and vagina, then escalated to digital penetration, mutual masturbation, oral sex, and vaginal and anal intercourse. Jones also showed Victim pornographic material online and took "photographs of her lying on his bed with her clothes off."

¶4     In August 2014, after multiple incidents of child abuse and drug abuse at the home of the aunt and uncle, Victim was removed from that home permanently. Several months later, Victim began seeing a Division of Child and Family Services therapist. Over the course of several sessions, Victim disclosed the sexual abuse Jones had inflicted on her. Upon disclosure, Victim was interviewed by a Child Protection Services investigator and once again, Victim revealed that she had been sexually abused by Jones. Officers then obtained search warrants for Jones's home, cell phone, and computers, where they discovered more than six pornographic images of children under the age of eighteen.

¶5     Jones was arrested and the State charged him with eighteen counts in total: three counts of child rape; three counts of child sodomy; three counts of aggravated child sexual abuse; six counts of sexual exploitation of a minor; and three counts of dealing in material harmful to a minor. At trial, Victim's testimony on the rape charges alleged not only touching, but also penetration. A nurse corroborated Victim's statement, testifying that Victim had disclosed that Jones had put his penis "into" her vagina.

¶6　During trial, the parties discussed jury instructions. Defense counsel objected to the elements instruction on the child rape charges, asserting that the child rape statute was unconstitutionally overbroad and vague.[1] Defense counsel alleged that Utah Code section 76-5-407 "only requires touching," rather than penetration, which meant that the conduct "merged" with "aggravated sexual abuse of a child."[2] The State responded that the distinction between child rape and aggravated child sexual abuse was the body parts involved— "for child rape, it had to be genital-to-genital contact; for aggravated child sex abuse, it could be genital contact with other body parts." Ultimately, the trial court rejected Jones's argument and overruled his objection to the jury instructions.

¶7　The jury convicted Jones on one count of child rape, one count of child sodomy, three counts of aggravated child sexual abuse, two counts of sexual exploitation of a minor, and three counts of dealing in material harmful to a minor. Jones timely appeals.

ISSUES AND STANDARDS OF REVIEW

¶8　On appeal, Jones raises two issues. First, he argues that the trial court incorrectly determined that Utah Code section 76-5-402.1 (Rape of a Child), as modified by Utah Code section 76-5-407(2)(b)(v) (Applicability of Part), is not unconstitutionally overbroad. Second, Jones contends that the trial court incorrectly ruled that Utah Code section 76-5-402.1, when read in conjunction with Utah Code section 76-5-407(2)(b)(v), is not unconstitutionally vague.

---

1. Both defense counsel and the trial court use the terms "overbroad" and "vague" somewhat interchangeably. For the purpose of our analysis, we address both doctrines separately.

2. Issues concerning merger have not been raised on appeal.

¶9    "Constitutional challenges to statutes present questions of law, which we review for correctness." *Provo City Corp. v. Thompson*, 2004 UT 14, ¶ 5, 86 P.3d 735. Additionally, "legislative enactments are presumed to be constitutional" and "those who challenge a statute or ordinance as unconstitutional bear the burden of demonstrating its unconstitutionality." *Greenwood v. City of N. Salt Lake*, 817 P.2d 816, 819 (Utah 1991).

ANALYSIS

¶10    This case involves the constitutionality of the Rape of a Child statute. Subsection (1) of the statute provides: "A person commits rape of a child when the person has sexual intercourse with a child who is under the age of 14." Utah Code Ann. § 76-5-402.1(1) (LexisNexis 2017). Additionally, in any prosecution commenced under section 76-5-402.1, section 76-5-407(2)(b) also applies and provides that for cases involving the rape of a child, "any touching, however slight, is sufficient to constitute the relevant element of the offense . . . ." *Id.* § 76-5-407(2)(b).

¶11    Jones attacks these statutes when read together as being both unconstitutionally overbroad and vague. When a statute is attacked as both overbroad and vague, the courts should first determine "whether the enactment reaches a substantial amount of constitutionally protected conduct." *Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 494 (1982). If the conduct is deemed unprotected, "then the overbreadth challenge must fail." *Id.* The courts should "examine the facial vagueness challenge and, assuming the enactment implicates no constitutionally protected conduct, should uphold the challenge only if the enactment is impermissibly vague in all of its applications." *Id.* at 494–95. To analyze the constitutionality of these two statutes,[3] we first address their alleged overbreadth,

---

3. When read together, sections 76-5-402.1 and -407(2)(b)(v) deal specifically with the crime of child rape. *See* Utah Code Ann.

(continued…)

followed by their alleged vagueness, and we hold that the trial court was correct on both issues.

## I. Overbreadth

¶12 Jones first challenges the trial court's ruling that section 76-5-402.1, when modified by section 76-5-407, is not unconstitutionally overbroad. *See* Utah Code Ann. §§ 76-5-402.1, -407(2)(b)(v) (LexisNexis 2017). A statute is overbroad when it criminalizes or otherwise impairs constitutionally protected activity. *See generally Hill v. Colorado*, 530 U.S. 703, 731–32 (2000); *Village of Hoffman Estates v. Flipside, Hoffman, Estates, Inc.*, 455 U.S. 489, 495–96 (1982); *State v. Frampton*, 737 P.2d 183, 192 (Utah 1987).

¶13 Section 76-5-402.1 states that sexual intercourse with a child under the age of fourteen is considered rape of a child, and section 76-5-407(2)(b)(v) describes what degree of penetration or touching constitutes an element of that crime. Utah Code Ann. §§ 76-5-402.1, -407(2)(b)(v). For the crime of raping a child, "any touching, however slight, is sufficient to constitute the relevant element of the offense." *Id.* § 76-5-407(2)(b)(v). In contrast, the relevant element in section 76-5-402.1(1) is sexual intercourse. *See id.* § 76-5-402.1. When read in the context of one another, these two statutes allow a finding that sexual intercourse occurred without proof of penetration; although actual penetration—as in this case—would also meet that definition. *See Miller v. Weaver*, 2003 UT 12, ¶ 17, 66 P.3d 592 (providing that statutes are interpreted "in harmony with other statutes in the same chapter and related chapters").

¶14 Jones identifies no general constitutional right to touch a child's genitals. Certainly there is no constitutional right to touch

---

(…continued)
§§ 76-5-402.1, -407(2)(b)(v) (LexisNexis 2017). For this reason, we refer to these two statutes as "the child rape statutes."

a child's genitals as part of sexual intercourse, no matter how sexual intercourse might be defined. By virtue of the fact that this type of abhorrent behavior is not a constitutionally protected activity, Jones fails to meet the standard for overbreadth. *See Frampton*, 737 P.2d at 192. Therefore, the trial court correctly determined that section 76-5-402.1, when modified by section 76-5-407(2)(b)(v), is not unconstitutionally overbroad.

## II. Vagueness

¶15     In addition to his overbreadth claim, Jones argues that the trial court erred in ruling that section 76-5-402.1, when read in conjunction with section 76-5-407(2)(b)(v), is not unconstitutionally vague. However, Jones lacks standing to raise this challenge. The United States Supreme Court has explained that vagueness challenges to "statutes which do not involve First Amendment freedoms must be examined in the light of the facts of the case at hand." *Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 495 n.7 (1982) (cleaned up).[4]

¶16     It is well-established that a defendant "who engages in some conduct that is clearly proscribed cannot complain of the vagueness of the law as applied to the conduct of others." *Id.* at 495. "A court should therefore examine the [defendant's] conduct before analyzing other hypothetical applications of the law." *Id.* If the defendant's conduct is clearly prohibited, then he lacks standing to challenge the statute based on another's hypothetical conduct. *See State v. Ansari*, 2004 UT App 326, ¶ 44, 100 P.3d 231.

---

4. Jones's alleged constitutional rights do not implicate the First Amendment, and therefore, we evaluate the statutes' vagueness in light of Jones's own conduct rather than any hypothetical conduct of others not before the court. *See Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 495 (1982).

¶17 Jones ignores his conduct in this case. His alleged acts include not only impermissibly touching Victim, but also penetrating her. Both Victim and the nurse testified that penetration occurred. Because Jones's alleged conduct—penetration—is clearly prohibited, he lacks standing to assert a vagueness claim and we need not address the issue any further. *See Hoffman Estates*, 455 U.S. at 495 (stating that, "A plaintiff who engages in some conduct that is clearly proscribed cannot complain of the vagueness of the law as applied to the conduct of others.").

CONCLUSION

¶18 Jones's overbreadth challenge fails because, when read together, the child rape statutes do not prohibit any, let alone a substantial amount of, constitutionally protected conduct. Further, Jones lacks standing to challenge the statutes for vagueness. For the foregoing reasons, the trial court correctly held that the child rape statutes are neither unconstitutionally overbroad, nor unconstitutionally vague.

¶19 Affirmed.

———————